# EXHIBIT B



SCOTT E. SCHERMERHORN, ESQUIRE    ATTORNEY FOR PLAINTIFF,
Identification No. 60177                          JOHN LOMONACO
The G.A.R. Building
305 LINDEN STREET
Scranton, PA 18503
(570) 348-1020

| | | |
|---|---|---|
| **JOHN LOMONACO** | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| **LG ELECTRONICS USA, INC.** | : | **JURY TRIAL DEMANDED** |
| and **THE HOME DEPOT,** | : | |
| | : | NO.: 2024-Civil-8789 |
| Defendants | : | |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**NORTHERN PA. LEGAL SERVICES**     **LAWYER REFERRAL SERVICE**
**33 North Main Street**                         **Lackawanna Bar Association**
**Suite 200**                                            **233 Penn Avenue**
**Pittston, PA 18640**                           **Scranton, PA 18503**
**(570) 299-4100**                                **(570) 969-9600**

**PA. LAWYER REFERRAL SERVICE**
**P.O. Box 186**
**100 South Street**
**Harrisburg, PA 17108**
**PA Residents 1-800-692-7375**
**Out-of-State 1-717-238-6715**

SCOTT E. SCHERMERHORN, ESQUIRE
Identification No. 60177
The G.A.R. Building
305 LINDEN STREET
Scranton, PA 18503
(570) 348-1020

ATTORNEY FOR PLAINTIFF,
JOHN LOMONACO

| | | |
|---|---|---|
| **JOHN LOMONACO** | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| **LG ELECTRONICS USA, INC.** | : | **JURY TRIAL DEMANDED** |
| <u>and</u> **THE HOME DEPOT,** | : | |
| | : | NO.: 2024-Civil-8789 |
| Defendants | : | |

## <u>COMPLAINT</u>

AND NOW, comes the Plaintiff, John Lomonaco, by and through his attorney, Scott E. Schermerhorn, Esquire, and file the within Complaint against the Defendants, LG Electronics USA, Inc. and The Home Depot, and in support of avers as follows:

1.     Plaintiff, John Lomonaco, is an adult individual who resides at 421 Lillibridge Street, Peckville, County of Lackawanna, Pennsylvania 18452.

2.     Defendant, LG Electronics USA, Inc., is a foreign corporation with its principal place of business located 111 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

3.     Defendant, The Home Depot, is a foreign corporation organized and existing under the laws of the State of Georgia with its principal place of business located 2455 Paces Ferry Road NW, Atlanta, Georgia 30339. At all times material, the Defendant, The Home Depot traded and did business at its retail location at 800 Commerce Boulevard, Dickson City, County of Lackawanna, Pennsylvania 18519.

Complaint.wpd

4. Defendant, LG Electronics USA, Inc. [hereinafter, "LG"], manufactures, produces, distributes and/or sells household refrigerators with full water-dispensing and ice making features, and distributes them throughout the United States and the Commonwealth of Pennsylvania under the "LG" brand name through co-defendant, The Home Depot [hereinafter, "Home Depot"].

5. LG has designed, manufactured and distributed certain refrigerators that have defective water dispensing lines and dispenser that cause and allow mold accumulation within the dispensing line and/or dispenser.

6. The refrigerators include the LG French Door Refrigerator Nodel # LFX25973D/00 (Product Code GC-L258VKSD.ASBCNAO) manufactured and distributed to Home Depot that was purchased, owned and used by the Plaintiff herein.

7. The common design of the LG refrigerator is defective and as a result there is nothing to prevent the accumulation of toxic and dangerous mold into the water dispensing lines and dispenser used for both consumption of water and ice.

8. Since the design of the refrigerator is common to the aforesaid LG refrigerators, the use and/or maintenance of the refrigerator by the Plaintiff has no effect on the defective design of the refrigerator and the damages resulting from the defective design.

9. The subject refrigerators have a common latent design defect, namely the water and ice lines and dispenser accumulate toxic mold as designed and are defective.

10. LG has knowingly manufactured, marketed and sold thousands of refrigerators with this defect to consumers throughout the United States, including the Commonwealth

Complaint.wpd

of Pennsylvania, including the Plaintiff.

11. Despite knowing about the aforesaid defects for years, the LG Defendant consciously and intentionally failed to warn consumers, including the Plaintiff who was seriously injured by the consumption of toxic and dangerous mold within the water and ice lines and dispenser, as set forth hereinafter.

12. The LG Defendant was aware of the defect prior to the injury to the Plaintiff as set forth herein.

13. On or about February 23, 2017, the Plaintiff purchased a LG household refrigerator (Serial #701TRXJ2T050) from the co-Defendant, Home Depot located in Dickson City, County of Lackawanna, Pennsylvania.

14. In conjunction with the purchase, the Plaintiff received an Owners Manual, which did not contain any instructions for the cleaning of the water/ice line(s) and/or dispenser; and further did not contain any warnings regarding the accumulation of toxic and dangerous mold inside the water/ice line(s) and/or dispenser; and further did not contain any warnings as to the danger with consuming water or ice from the water/ice line and/or dispenser after a period of time wherein toxic and dangerous mold grew and/or accumulated inside the line(s) and dispenser.

15. LG knew or should have known that its LG activated charcoal filter installed into the refrigerator to filter water also caused the removal of chlorine from the water thereby accelerating the growth of mold "downstream" of the filter into the water and ice dispensing lines, including the dispenser.

16. The Plaintiff consumed water and ice from the refrigerator line from February of

Complaint.wpd

2017 when he purchased the refrigerator at the co-Defendant, Home Depot, until approximately April of 2024 when he discovered that the water coming from the water/ice line and dispenser area was contaminated with toxic and dangerous mold accumulation due to the onset of severe health issues, and observing chunks or pieces of mold coming from the water line and/or dispenser into glass of water, causing serious injuries and damages set forth hereinafter.

17. The aforesaid refrigerator had a condition, and specifically the accumulation of dangerous and toxic mold within the water dispensing lines and dispenser that was dangerous beyond "an ordinary consumer's expectation," including the Plaintiff herein, during normal or foreseeable use.

18. A reasonable person would conclude that the probability and seriousness of the harm caused by the user's consumption of water contaminated with dangerous and toxic mold accumulated inside the water lines and/or dispenser, out of sight of the user, including the Plaintiff herein, outweigh the burden or cost of LG taking precautions to prevent the harm from occurring. Specifically, LG could have provided instructions in the Owner's Manual regarding the proper cleaning of the lines and/or water dispenser; or in the alternative, provided a warning to the user that toxic and dangerous mold would accumulate inside the water dispensing lines and/or water dispenser that was out of sight to the user, including the Plaintiff herein. LG did neither.

19. The injuries suffered by the Plaintiff were caused solely as a result of the negligent conduct of the Defendant LG and the dangerous and defective nature of the aforesaid

water/ice lines and water dispenser, and was not caused in any manner by the actions of the Plaintiff.

### Count I
### Negligence
### (John Lomonaco vs. LG Electronics USA, Inc.)

20. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

21. At all times relevant to this action, the Defendant LG had the duty to exercise that degree of care that a reasonably prudent refrigerator manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of its household refrigerators, including the subject LG refrigerator purchased by the Plaintiff.

22. Plaintiff believes the negligent and careless conduct of the Defendant LG caused his injuries and that the Defendant corporately and/or acting through its agents, servants, workmen, employees and contractors, acting with a total disregard of the risk of harm to the Plaintiff, which conduct consisted of, but was not limited to, one or more of the following:

    (a)    the common design of the household refrigerator is defective;

    (b)    the common design of the water/ice dispensing lines is defective;

    (c)    the refrigerator did not have any mechanism for self cleaning of the water/ice lines and/or dispensing area;

    (d)    failing to warn the Plaintiff of the dangers involved with consuming water and/or ice from the dispensing lines that contained the aforesaid defects;

    (e)    failing to properly inspect, manage and make the household refrigerator, including the subject refrigerator, safe;

Complaint.wpd

(f)    failing to place any warnings on the refrigerator or in the Owner's Manual informing the user that a serious injury or condition could occur if the water or ice is consumed due to the accumulation of toxic and dangerous mold inside the dispensing lines;

(g)    failing to design a household refrigerator without water/ice dispensing lines that accumulate toxic and dangerous mold inside the line and dispensing area and out of sight of the user;

(h)    failing to include a safety mechanism in the refrigerator that warned the user when toxic and dangerous mold accumulates inside the water/ice dispensing lines and dispenser;

(i)    designing an attachment device to the refrigerator that allows a user to know when toxic and dangerous mold accumulates inside the water/ice dispensing lines and dispenser;

(j)    designing a water/ice dispensing line and dispenser to self-clean;

(k)    designing, manufacturing, distributing and selling a household refrigerator with a design defect that causes consumption of toxic and dangerous mold from the water/ice dispensing lines and dispenser during normal use;

(l)    failing to properly test the water/ice dispensing lines and dispenser for toxic and dangerous mold accumulation;

(m)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the household refrigerator, and specifically the water/ice dispensing lines and dispenser, as set forth above;

(n)    failing to advise users, including the Plaintiff, to properly clean inside the water/ice dispensing lines and dispenser for toxic and dangerous mold accumulation, especially due to it being out of sight of the user;

(o)    LG knew or should have known that the refrigerator, and specifically the water and ice dispensing lines and dispenser posed a substantial risk to consumers, and that the danger of toxic and dangerous mold accumulation in the lines would not be obvious to the consumer, and that the risk of harm justifies the cost of providing a warning to the consumer; and/or

(p)    LG Defendant was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth below, if not for the dangerous accumulation of toxic and dangerous mold inside the water/ice dispensing lines and dispenser.

Complaint.wpd

23.    As a direct result of the conduct of the Defendant, LG, the Plaintiff sustained serious and permanent injuries due to the long-term consumption of toxic and dangerous mold in his drinking water directly from the contaminated water and ice lines and dispenser on the subject refrigerator, including but not limited to, Cyclic Vomiting Sydrome (CVS), chronic fatigue, brain fog, headaches, vomiting, pain and pressure behind eyes, short term memory loss, diarrhea, dizziness, light-headed, gastrointestinal issues, and all of which have caused pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, limitation of motion, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

24.    As a result of the injuries sustained by the Plaintiff, herein, he has undergone in the past and will in the future undergo pain and suffering.

25.    As a result of the injuries sustained by the Plaintiff, herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

26.    As a result of the injuries sustained by the Plaintiff, herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

27.    As a result of the injuries sustained by the Plaintiff, herein, he has incurred medical expenses, and may incur medical expenses in the future.

WHEREFORE, the Plaintiff, John Lomonaco, demands judgment in his favor and against the Defendant, LG Electronics USA, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus delay damages, and such other relief as deemed just and proper.

Complaint.wpd

## Count II
## 402A - Strict Liability
### (John Lomonaco vs. LG Electronics USA, Inc.)

28. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

29. Defendant LG did design, manufacture, distribute and sell the aforementioned household refrigerator knowing of its ultimate use by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

30. Defendant LG designed the aforesaid household refrigerator with the aforesaid defects, rendering it inherently dangerous and creating a substantial, clear, extreme and unreasonable risk of serious injury or death to the purchasers and refrigerator users, including the Plaintiff. The Defendant LG manufactured, assembled, marketed, distributed, and sold the aforesaid refrigerator with the aforesaid defects. The refrigerator was in the same defective condition from the time it left the Defendant's control until it reached the Plaintiff.

31. The aforesaid refrigerator was sold in a substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including, the Plaintiff.

32. As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial and unreasonable risk of serious injury from the aforesaid defects, and was seriously injured due to the same, as set forth above.

Complaint.wpd

33. Defendant LG is strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the consumption of toxic and dangerous mold accumulated in and around the water and ice lines and from the dispensing line that accumulated toxic mold, as set forth above.

34. Plaintiff maintains that the Defendant LG, being the manufacturer, designer, and/or distributor, is strictly liable to the Plaintiff pursuant to the provisions of Section 402(a) of the Restatement of Torts (2nd) said defects being, as set forth above, and including but not limited to the following:

(a) the common design of the household refrigerator is defective;

(b) the common design of the water/ice dispensing lines is defective;

(c) the refrigerator did not have any mechanism for self cleaning of the water/ice lines and/or dispensing area;

(d) failing to warn the Plaintiff of the dangers involved with consuming water and/or ice from the dispensing lines that contained the aforesaid defects;

(e) failing to properly inspect, manage and make the household refrigerator, including the subject refrigerator, safe;

(f) failing to place any warnings on the refrigerator or in the Owner's Manual informing the user that a serious injury or condition could occur if the water or ice is consumed due to the accumulation of toxic and dangerous mold inside the dispensing lines;

(g) failing to design a household refrigerator without water/ice dispensing lines that accumulate toxic and dangerous mold inside the line and dispensing area and out of sight of the user;

(h) failing to include a safety mechanism in the refrigerator that warned the user when toxic and dangerous mold accumulates inside the water/ice dispensing lines and dispenser;

(i) designing an attachment device to the refrigerator that allows a user to know when toxic and dangerous mold accumulates inside the water/ice dispensing

Complaint.wpd

lines and dispenser;

(j)    designing a water/ice dispensing line and dispenser to self-clean;

(k)    designing, manufacturing, distributing and selling a household refrigerator with a design defect that causes consumption of toxic and dangerous mold from the water/ice dispensing lines and dispenser during normal use;

(l)    failing to properly test the water/ice dispensing lines and dispenser for toxic and dangerous mold accumulation;

(m)   failing to advise users, including the Plaintiff, of the dangerous and defective design of the household refrigerator, and specifically the water/ice dispensing lines and dispenser, as set forth above;

(n)    failing to advise users, including the Plaintiff, to properly clean inside the water/ice dispensing lines and dispenser for toxic and dangerous mold accumulation, especially due to it being out of sight of the user;

(o)    LG knew or should have known that the refrigerator, and specifically the water and ice dispensing lines and dispenser posed a substantial risk to consumers, and that the danger of toxic and dangerous mold accumulation in the lines would not be obvious to the consumer, and that the risk of harm justifies the cost of providing a warning to the consumer; and/or

(p)    LG Defendant was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth below, if not for the dangerous accumulation of toxic and dangerous mold inside the water/ice dispensing lines and dispenser.

35.   As a direct result of the conduct of the Defendant, LG, the Plaintiff sustained serious and permanent injuries due to the long-term consumption of toxic and dangerous mold in his drinking water directly from the contaminated water and ice lines and dispenser on the subject refrigerator, including but not limited to, Cyclic Vomiting Sydrome (CVS), chronic fatigue, brain fog, headaches, vomiting, pain and pressure behind eyes, short term memory loss, diarrhea, dizziness, light-headed, gastrointestinal issues, and all of which have caused pain, suffering, mental anguish,

Complaint.wpd

distress, inconvenience, loss of feeling of well-being, limitation of motion, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

36.   As a result of the injuries sustained by the Plaintiff, herein, he has undergone in the past and will in the future undergo pain and suffering.

37.   As a result of the injuries sustained by the Plaintiff, herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

38.   As a result of the injuries sustained by the Plaintiff, herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

39.   As a result of the injuries sustained by the Plaintiff, herein, he has incurred medical expenses, and may incur medical expenses in the future.

40.   The Plaintiff's injuries and damages, as outlined above, were caused by the defects which were present in the aforesaid refrigerator, and the Defendant LG is liable pursuant to §402A of the Restatements (Second) of Torts.

41.   As a result of the injuries sustained by the Plaintiff, herein, he has incurred medical expenses, and may incur medical expenses in the future.

WHEREFORE, the Plaintiff, John Lomonaco, demands judgment in his favor and against the Defendant, LG Electronics USA, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus delay damages, and such other relief as deemed just and proper.

Complaint.wpd

## Count III
## 402B - Strict Liability
### (John Lomonaco vs. LG Electronics USA, Inc.)

42.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

43.    At all times material, the Defendant LG was engaged in the business of selling household refrigerators to users or consumers.

44.    Defendant LG sold the subject refrigerator that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the household refrigerator, and the Plaintiff justifiably relied upon the misrepresentations to purchase the refrigerator for use, including the consumption of water and ice from the dispensing line.

45.    Specifically, the Defendant LG sold the aforementioned refrigerator, knowing of its ultimate use and/or handling by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

46.    Plaintiffs' injuries, as outlined above, were caused by the defects which were present in the aforesaid refrigerator, and the Defendant LG is liable pursuant to §402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, John Lomonaco, demands judgment in his favor and against the Defendant, LG Electronics USA, Inc. in an amount in excess of Fifty Thousand Dollars

Complaint.wpd

($50,000.00), plus delay damages, and such other relief as deemed just and proper.

## Count IV
## Breach of Warranty
## (John Lomonaco vs. LG Electronics USA, Inc.)

47.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

48.     The injuries sustained by the Plaintiff were proximately caused by the Defendant's breach of warranty for particular purpose, merchantability and other express and implied warranties pursuant to the Uniform Commercial Code and the common law.

49.     Plaintiffs' injuries, as outlined above, were caused by the aforementioned breach of warranty.

WHEREFORE, the Plaintiff, John Lomonaco, demands judgment in his favor and against the Defendant, LG Electronics USA, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus delay damages, and such other relief as deemed just and proper.

## Count V
## 402A - Strict Liability
## (John Lomonaco v. The Home Depot)

50.     Plaintiffs repeat and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

51.     At all times material, the Defendant, Home Depot, was engaged in the sale of the LG refrigerator to users or consumers.

52.     Defendant, Home Depot, sold the subject LG refrigerator that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer and/or other person who may use the refrigerator, including the consumption of water and ice from the

Complaint.wpd

subject dispensing lines, without substantial change in the condition in which it was sold.

53. Defendant, Home Depot, sold the aforementioned LG refrigerator knowing of its ultimate use or handling by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

54. Plaintiff's injuries, as outlined above, were caused by the defects which were present in the aforesaid LG refrigerator, pursuant to §402A of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, John Lomonaco, demand sjudgment in his favor and against the Defendant, The Home Depot, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus delay damages, and such other relief as deemed just and proper.

### Count VI
### 402B - Strict Liability
### (John Lomonaco v. The Home Depot)

55. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

56. At all times material, the Defendant, Home Depot, was engaged in the business of selling household refrigerators, including the sale of the subject LG refrigerators to users or consumers.

57. Defendant, Home Depot, sold the subject LG household refrigerator that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the products, and the Plaintiff justifiably relied

Complaint.wpd

upon the misrepresentations to purchase the same.

58.     Specifically, the Defendant, Home Depot, sold the aforementioned LG refrigerator knowing of its ultimate use or handling by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

59.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the aforesaid LG refrigerator, and the Defendant, Home Depot is liable pursuant to §402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, John Lomonaco, demands judgment in his favor and against the Defendant, The Home Depot, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus delay damages, and such other relief as deemed just and proper.

Scott E. Schermerhorn, Esquire
Attorney for Plaintiff, John Lomonaco
The G.A.R. Building
305 Linden Street
Scranton, PA 18503
(570) 348-1020
Email: scottpennlaw@gmail.com

Complaint.wpd

SCOTT E. SCHERMERHORN, ESQUIRE
Identification No. 60177
The G.A.R. Building
305 LINDEN STREET
Scranton, PA 18503
(570) 348-1020

ATTORNEY FOR PLAINTIFF,
JOHN LOMONACO

| | | |
|---|---|---|
| **JOHN LOMONACO** | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| **LG ELECTRONICS USA, INC.** | : | **JURY TRIAL DEMANDED** |
| <u>and</u> **THE HOME DEPOT,** | : | |
| | : | NO.: 2024-Civil-8789 |
| Defendants | : | |

## VERIFICATION

I, John Lomonaco, the undersigned, verify that the statements made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

Date: 10-7-25

_____
John Lomonaco

SCOTT E. SCHERMERHORN, ESQUIRE
Identification No. 60177
The G.A.R. Building
305 LINDEN STREET
Scranton, PA 18503
(570) 348-1020

ATTORNEY FOR PLAINTIFF,
JOHN LOMONACO

| | | |
|---|---|---|
| **JOHN LOMONACO** | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| **LG ELECTRONICS USA, INC.** | : | **JURY TRIAL DEMANDED** |
| <u>and</u> **THE HOME DEPOT,** | : | |
| | : | NO.: 2024-Civil-8789 |
| Defendants | : | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*, that require filing confidential information and documents differently than non-confidential information and documents.

Scott E. Schermerhorn, Esquire
Attorney for Plaintiff
PA. I.D. No. 60177
The G.A.R. Building
305 Linden Street
Scranton, Pennsylvania 18503
(570) 348-1020

SCOTT E. SCHERMERHORN, ESQUIRE
Identification No. 60177
The G.A.R. Building
305 LINDEN STREET
Scranton, PA 18503
(570) 348-1020

ATTORNEY FOR PLAINTIFF,
JOHN LOMONACO

| | | |
|---|---|---|
| **JOHN LOMONACO** | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| **LG ELECTRONICS USA, INC.** | : | **JURY TRIAL DEMANDED** |
| and **THE HOME DEPOT**, | : | |
| | : | NO.: 2024-Civil-8789 |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Scott E. Schermerhorn, Esquire, hereby certify that a copy of the foregoing Complaint was served upon counsel for Defendant, LG Electronics USA, Inc. and The Home Depot by first class mail, postage prepaid, on this _17th_ day of October, 2025, to the following address:

**As to LG Electronics USA, Inc.:**

Michael J. Boccella, Esq.
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, PA 19102

**As to The Home Depot:**

The Home Depot
800 Commerce Boulevard
Dickson City, PA 18519

Scott E. Schermerhorn, Esquire
Attorney for Plaintiff
The G.A.R. Building
305 Linden Street
Scranton, PA 18503
(570) 348-1020
Email: scottpennlaw@gmail.com